SAMUEL H. HOLLEY, *Ex'r of* JOHN S. LARRABEE *v.* CHARLES
W. LARRABEE.

### *Construction of will.*

If a testator, in a codicil to his will, make a disposition of a portion of his property,
which is inconsistent with the disposition which he had previously made of it, in
the original will, it will operate *pro tanto* as a revocation of the original pro-
vision.

Application of this principle in the present case.

A bequest to C. L., in case he outlived L. L., to whom the use of it, during her life,
had previously been given, of "such part of the personal estate as may then
remain," which was made in a codicil, *construed* as conveying all the personal
estate that remained after the decease of L. L., without regard to the disposition
which had been made of it in the original will; and as not limited to such personal
property as remained otherwise undisposed of by the original will.

TRESPASS for taking certain articles of household furniture
which belonged to the estate of John S. Larrabee, deceased. The
testator, by his will, dated April 11th, 1842, disposed of his house-
hold furniture, as follows : "I give and bequeath to my beloved
" wife Lydia Larrabee, the use of all my household furniture dur-
" ing her natural life, and after her decease, I do give and bequeath
" the same to my daughters" (naming them) "to be equally divided
" among them," and, after giving several specific legacies to differ-
ent persons, made the following bequest, "I give, bequeath and
" devise the use, rents, and profits of the remainder of my real
" and personal estate, after the payment of the aforesaid legacies,
" to my beloved wife Lydia Larrabee, during her natural life, and
" after her decease, I do give, bequeath and devise the same to
" my son Charles W. Larrabee, to hold to him and his heirs for-
" ever.

On the 8th day of October, 1847, the testator added a codicil, in
which were the following provisions : "I hereby revoke the devise
" and bequest made in my said will, to Charles W. Larrabee, and
" to his heirs, of the reversion of all my estate, after the payment
" of legacies, and after the decease of my wife, and in lieu thereof,
" I give, devise and bequeath to my said son Charles W. Larrabee,
" and to his heirs forever, in case he outlives my wife Lydia Lar-
" rabee, all my real estate, and such part of the personal estate as
" may then remain, excepting from this devise the stone store, the

" wharf, and the store-house on the wharf, and charging it with cer-
" tain specific legacies named in said will, and in this codicil. And
" whereas the said Charles W. Larrabee has lived and worked
" with me many years, for which he has received no recompence,
" and for which he should be paid; in consideration of which, in
" case the said Charles W. Larrabee should die before my said
" wife, it is my will, and I hereby give and devise to the legal heirs
" of the said Charles W. Larrabee, an equal undivided half of my
" real estate, except the stone store and wharf, as aforesaid, and the
" other half, after the payment of legacies, as aforesaid, to my chil-
" dren, and their legal representatives in equal shares, and to come
" in possession after the decease of my said wife."

It appeared that the widow, Lydia Larrabee, had deceased, and
the defendant admitted the taking of the property, and it also
appeared that all the debts against the estate had been paid.    Upon
this showing, the county court, June Term, 1855,—PIERPOINT, J.,
presiding,—decided that the furniture in question was given to the
defendant by said codicil, and, upon that ground, gave judgment
in his favor.

Exceptions by the plaintiffs.

*O. Seymour* and *W. F. Bascomb* for the plaintiff.

I. The bequest made in the original will of the furniture to the
daughters of the testator, to wit, to Sophia Holley, Mary Manning,
Amelia Holley, Electa C. Seymour, Martha W. Baker, Sarah Ann
Morris, and to his daughters-in-law, Eliza Ann Chipman and Char-
lotte N. Baldwin, constituted a specific and vested legacy.

That it was specific, see 1 Swift's Digest 453 ; 2 Williams on
Executors 994–1006, notes *m.* and 1010.

That it vested, see 2 Williams on Executors 1065 ; 2 Black.
Com. (Wendell's ed.) 513, note 49, 514 note 51 : 1 Jarman on
Wills 726–7, (761).

The legacy thus vested was subject only to the use of the widow,
and to pay the debts of the estate.    See 1 Swift's Dig. 453 ; 2
Williams on Executors, 1051–2 and 1035, note *s*; 2 Blackstone's
Com. 513.

For the payment of debts, general legacies would abate before
specific.    See 1 Swift's Dig. 453 and 456 ; 2 Black. Com. 513.

A specific legacy is not liable to contribution, on failure of assets to pay other legacies. 2 Williams on Executors, 994, 1006, 1010.

II. The codicil does not revoke the bequest of the furniture, as made in the will.

1. It does not revoke it expressly, although expressly revoking several other bequests.

2. It does not revoke by necessary implication.

The codicil is part of the will. 1 Williams on Executors 175 and 179; and every part of the will ought, if possible, to be made to take effect. See 2 Black. Com. 379 ; 2 Williams on Executors 931, 4.

It is necessary that a latter provision in a will should be clearly incompatible with a former one to defeat it. See 4 Kent's Com. 531 and 535, note (2). Also see general rules of construction in 1 Jarman on Wills 160, and 165.

The expression " such part of my personal estate as may then remain," fairly construed, means, such part as is not otherwise disposed of. It is the proper expression to use, on the supposition that the furniture was meant to be otherwise disposed of, and thus the codicil on this subject is entirely consistent with the original will.

3. It is a general rule that a specific legacy is not revoked by a general revocatory clause in a subsequent will or codicil. See 1 Williams on Executors 133, and vol. 2 1007, note *p* ; *a fortiori*, it is not revoked by mere implication.

4. The phraseology, " such part of my personal estate as may then remain," cannot fairly be interpreted so as to include the furniture, but directly the reverse.

On the interpretation given by the defendant, the testator ought to have said *all* my personal estate, for it would all remain at the decease of his wife.

*J. W. Stewart* and *C. Linsley* for the defendant.

By the codicil to his will, the testator revokes the bequest to his son Charles, and in lieu thereof bequeaths to Charles one-half of his real, and such part of his personal estate as may remain after the decease of his widow, in case Charles survives her, (excepting the stone store, wharf &c.)

No mention is made in the codicil of the household furniture. But, by its terms, the furniture must fall within the denomination of " such part of his personal estate as may remain " after the decease of the widow, and would go to his son Charles.   This disposition is inconsistent with the original will, and must, therefore, be regarded as overruling it.   A good reason may be assigned for this change, and which substantiates that such was the intention of the testator, inasmuch as, in the first place, he gives the whole residue of his real estate to Charles, and, in the second, but half, the other half going to his daughters.   Having thus, by the last arrangement, bestowed the half of his real estate upon his daughters, he might well make a change, relative to the furniture, in favor of Charles.

The pecuniary legacies are chargeable upon the personal as well as real estate, and the furniture falling under the former denomination, must be applied towards payment of the pecuniary legacies. 6 Bacon's Abg. 292.

The opinion of the court was delivered, at the circuit session in June, by

ISHAM, J.   The provisions in the original will are free from any ambiguity in relation to the disposition of the property for which this action is brought.   The household furniture is given to the widow of the testator, during her life, and after her decease to his daughters, who are named in the will, and is not charged with the payment of the legacies.   The remainder of the estate, real and personal, after the decease of the widow, is given to the defendant, and on it the payment of the legacies are charged.   It would seem that the testator intended to give to the defendant all the property of the estate, from which the legacies were to be paid. The widow having deceased, the household furniture, by the original will, is vested in the daughters, and such is now their right, unless by a subsequent disposition of that property, that right is taken from them.

The defendant has taken possession of this household furniture, and he claims to be the owner of it under a codicil to this will, executed by the testator on the 8th day of October, 1847.   There is no express revocation of the gift of this furniture to the widow and daughters, yet, if there was made a subsequent disposition of

it, inconsistent with the former bequest, it will operate *pro tanto*, as an implied revocation, and the property will pass as subsequently appointed. *Brant* v. *Wilson*, 8 Cowen 56. Wigram on Wills 154. 4 Kent's Com. 531. The codicil contains this provision: " I hereby revoke the devise and bequest made in my will to Charles W. Larrabee of the reversion of all my estate, after the payment of legacies, and after the decease of my wife; and in lieu thereof, I give, &c, to my son Charles W. Larrabee, and to his heirs forever, in case he outlives my wife, all my real estate, and such part of my personal estate as may then remain, excepting the stone store, the wharf, and the store house," which, by the will was to be sold, and its avails divided among his daughters. If the widow survived, then only an equal and undivided half of the real estate is given to the legal heirs of Charles W. Larrabee. The testator continued to some, and enlarged to others, the legacies given in the original will, and made what he termed the specific legacies to certain persons named in the codicil, a charge upon all his estate, real and personal, except the stone store, wharf, and store house. The household furniture will pass to the defendant under the general language of this bequest, for it is a gift of all his real and personal estate, that shall remain ; not that which remains undisposed of in the original will, but that which remains after the decease of the widow, and after the payment of the legacies. Those legacies being paid, and the store, wharf, and store house being sold, and their avails divided among the daughters, the remainder of the estate, after the decease of the widow, is given to the defendant. That such was the intention of the testator, is gathered from the various provisions in the codicil. The testator, in the codicil, has expressed a desire to do better by the defendant than he had done in the original will. It is not reasonable, therefore, to suppose that he would enlarge the amount of the legacies, to be paid by the defendant, and limit his right to the real estate in case he should decease before the widow, without giving him the benefit of the personal property, on which the payment of the legacies are charged. That this furniture is charged with the payment of the legacies, is a matter of express provision, for the charge is made to rest on all the estate, real and personal, except the store, wharf, and store house. The exception of that property

shows that it was the intention of the testator that it should pass, as devised in the original will, and not be affected by the codicil.   If the testator had intended that the furniture should pass as bequeathed in the will, and not be affected by the codicil, he would naturally have excepted the furniture also.   The same reason that led to the exception of one, would also have led to the exception of the other.   The fact that the furniture was not excepted, is evidence that the testator intended that it should pass to the defendant, under the provision in the codicil.   We think, therefore, that the defendant is entitled to this furniture, under the codicil, and as the property is not wanted by the plaintiff, for the payment of debts, nor for any other object but to dispose of the same as directed by the will of the testator, the plaintiff has no claim to it as against the defendant, which will enable him to sustain this action.

The judgment of the county court is affirmed.